# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2025

Lyle W. Cayce
Clerk

————————

No. 24-50443
Summary Calendar

————————

Alejandro Hernandez; Edith Schneider-Hernandez,

*Plaintiffs—Appellants*,

*versus*

West Texas Treasures Estate Sales, L.L.C.; Linda Maree Walker; Aaron Anthony Enriquez,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-96

_____

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Plaintiffs-Appellants Alejandro Hernandez and Edith Schneider-Hernandez (collectively the "Hernandezes") sued Defendants-Appellees West Texas Estate Sales, LLC, Linda Maree Walker, and Aaron Anthony Enriquez (collectively "Appellees") for alleged violations of Title III of the Americans with Disabilities Act ("ADA").  42 U.S.C. § 12181 *et*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*seq.* We find no reversible error and AFFIRM the judgment on the basis of the district court opinion.

On April 24, 2021, the Hernandezes attended an estate sale conducted by Appellees. Despite Texas's requirement at the time, the Hernandezes did not wear masks, claiming a medical exemption. During the estate sale, Walker warned the Hernandezes that attendees must wear masks. The Hernandezes noted their medical exemptions from wearing masks but eventually left after a verbal altercation that the Hernandezes allege turned physical.

The Hernandezes sued Appellees, alleging that Appellees failed to provide reasonable accommodations under the ADA. They further sought injunctive relief requiring accommodation. They also sought damages for assault and battery under state law.[1]

The district court began its ruling by setting out the standard for Article III standing. *Hernandez v. W. Texas Est. Sales, LLC*, No. EP-21-CV-00096-FM, 2024 WL 2031775, at *2 (W.D. Tex. May 7, 2024). To establish Article III standing, a plaintiff must demonstrate, "an injury in fact—an invasion of a legally protected interest which is both concrete and particularized." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). And because under "Title III of the ADA a plaintiff is limited to injunctive relief," a plaintiff must demonstrate a "threat of present or future harm." *Id.* (cleaned up).

The district court noted that in Title III cases a plaintiff must establish (1) a plan to return to the non-compliant establishment and (2) that the

---

[1] The district court declined to retain supplemental jurisdiction on the state law claim, and the Hernandezes do not challenge that ruling on appeal. Thus, the only issue before us is whether the district court properly dismissed the complaint for lack of standing.

access-deterring barrier is or would be present in the future. *Id.* Finding that the Hernandezes alleged a sufficient plan to return to Appellees' business, the district court turned to whether the barrier—the mask requirement—will be present in the future. *Id.* at *3.

The district court began its analysis on future harm by noting that most barriers in the Title III context are "structural barriers that are not easily or quickly remedied." *Id.* As examples, the district court pointed to inaccessible parking spaces, sidewalks, door sizes, etc. *Id.* (collecting cases). The issues in these cases are "not easily remedied" because "a non-ADA compliant store cannot snap its fingers and change its porch structures or door sizes." *Id.* It is thus not "speculative or hypothetical for a typical ADA plaintiff to allege that the offending barriers will remain in place for future injury." *Id.*

Here, however, the offending barrier to access the sale was an executive order from the Governor of Texas that required masks in "most public settings." *Id.* By May 2021, the statewide order requiring masks was lifted and replaced by an order prohibiting mask requirements. *Id.* Despite this change, the Hernandezes allege that they "have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants." *Id.* at *4. The district court rejected this allegation as conclusory because "Texas no longer has a mask mandate, and the [Hernandezes] have alleged zero facts which support an inference that [Appellees'] business still requires masks." *Id.* Accordingly, the district court dismissed the ADA claim for lack of subject matter jurisdiction because the Hernandezes' allegation of future harm is merely speculative.

We find no reversible error. Accordingly, the judgment of the district court is, for all purposes,

AFFIRMED.